No. 2
### MENTZER v. SNYDER
Ohio Appeals, 9th Dist., Summit Co.

No. 1044.   Decided Nov. 19, 1925

146.  BILLS OF SALE—1.  Where agreement recites that mutual bills of sale be executed, "as soon as possible," held to be reasonable time.

2.  Where not executed within reasonable time and demand is made by other party, he has right to rescind contract.

FUNK, J.

In November, 1924, Don Mentzer traded his Paige automobile to Russell Snyder for a Hudson touring car. It was agreed at the time, as one of the conditions of the trade, that each would give a bill of sale for their respective automobiles, Mentzer claiming the time fixed was "as soon as possible" and Russell stated it to be in a "day or two."

On Dec. 16, 1924, Russell demanded a bill of sale for the Paige offering Mentzer one for the Hudson. Mentzer said he could not give the bill of sale until the following day. Russell thereupon rescinded the contract, tendered back the Paige and demanded his Hudson car, which Mentzer refused to return. Upon suggestion of a constable, he turned over the key to the Hudson to Russell who left the Paige automobile with Mentzer.

A bill of sale was offered by Mentzer Jan. 1, 1925, but was refused and he commenced

APR 16 1929

an action in replevin before a justice of the peace to replevin the Hudson. The value being beyond the jurisdiction of the justice, it was certified to the Summit Common Pleas where a verdict was rendered in favor of Russell. Error was prosecuted to reverse the judgment of the court below, and the Court of Appeals held:

1. The words "as soon as possible" in the agreement could not mean more than within a reasonable time.

2. The tender of the bill of sale by Mentzer on Jan. 1, 1925 cannot be claimed to have been a tender within a reasonable time as provided in the contract.

3. Neither can it be said that the furnishing of a bill of sale was not a material condition, in view of the fact that it is a violation of law, not to give a bill of sale at time of transfer of title of automobile.

4. Mentzer having failed to comply with a material condition of the contract, when Russell demanded the bill of sale and there was failure to give same, he had the right to rescind and take back his Hudson.

5. Mentzer was therefore not entitled to possession of the Hudson at the commencement of this action, and judgment of the lower court is affirmed.

Judgment affirmed.

Attorneys—Walter R. East for Mentzer; E. G. Staley for Russell; both of Akron.